**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4916**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

WILLIAM LEE ANDERSON,

              Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.   Gina M. Groh, District Judge.  (3:12-cr-00028-GMG-DJJ-1)

Submitted:  April 17, 2013          Decided:  April 26, 2013

Before DAVIS, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nicholas J. Compton, Assistant Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant.  Robert Hugh McWilliams, Jr., Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Lee Anderson pled guilty, pursuant to a written plea agreement, to possession with intent to distribute 9.64 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006). He was sentenced to 188 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no nonfrivolous grounds for appeal, but asking us to review the reasonableness of the sentence. Although advised of his right to file a pro se supplemental brief, Anderson has not done so. We affirm.

We review Anderson's sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. We first assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49–51; see United States v. Lynn, 592 F.3d 572, 575–76 (4th Cir. 2010). If there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing

2

court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the defendant's properly calculated Guidelines range, we apply a presumption of reasonableness. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 347 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence).

We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. We discern no error in the district court's computation of Anderson's Guidelines range, the opportunities it provided Anderson and his counsel to speak in mitigation, or its explanation of the sentence imposed by reference to the § 3553(a) factors it deemed most relevant in this case. In the course of explaining the reasons for the selected sentence, the district court adequately responded to the arguments counsel advanced in support of a downward variance, which were not persuasive when compared to Anderson's chronic recidivism and demonstrated lack of respect for the law. Lastly, we have found no basis in the record to overcome the presumption of reasonableness accorded this properly calculated, within-Guidelines sentence.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. Anderson's guilty plea was knowingly and voluntarily entered and supported by an independent basis in fact. We therefore affirm the judgment of the district court. This court requires that counsel inform Anderson, in writing, of the right to petition the Supreme Court of the United States for further review. If Anderson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Anderson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>